**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-21410-CIV-MORENO/TORRES

CONNIE JAYE LORENZO,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON**
**<u>CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>**

***I.  INTRODUCTION***

This matter is before the Court on the cross-motions for summary judgment filed by Plaintiff Connie Jaye Lorenzo [D.E. 24] and Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration ("SSA") [D.E. 25].[1]  The cross-motions have been fully briefed and present the following issues: whether Defendant's final decision, finding Plaintiff not disabled under the Social Security Act (the "Act"), is supported by substantial evidence on the record as a whole, and whether the proper legal standards were applied in making that determination.  [D.E. 24 at p.1; D.E. 25 at pp.1-2].  Under the limited standard of review that governs this case, the Court finds

---

[1]     The Honorable Federico A. Moreno referred these motions to the undersigned Magistrate Judge for Report and Recommendation.  [D.E. 3].

that substantial evidence supports Administrative Law Judge Linda E. Kupersmith's ("ALJ") findings and any errors were harmless.

## II.  PROCEDURAL HISTORY

On June 17, 2008, Plaintiff filed an application for disability insurance benefits ("DIB"), alleging an onset date of September 3, 2003. [Tr. 272-277].[2] This application was denied at the administrative levels initially on October 29, 2008 and again on February 16, 2008. [Tr. 133-135, 140-141]. Plaintiff subsequently requested a hearing before the ALJ, which took place first on January 6, 2011 and was continued on July 1, 2011. [Tr. 113-128, 17-83]. Plaintiff was represented by an attorney at both hearings, and Plaintiff and an impartial vocational expert ("VE") testified at the second hearing. On August 23, 2011, the ALJ issued a decision finding, among other things, that Plaintiff was not disabled under the Act because Plaintiff retained the residual functional capacity ("RFC") to perform jobs that existed in significant numbers in the national economy from September 13, 2003 through March 30, 2010.[3] [Tr. 103]. Plaintiff then requested that the SSA's Appeals Council review the ALJ's decision, which was denied on March 1, 2013. [Tr. 1-6]. Thus, the ALJ's decision stands as the final decision of Defendant and is ripe for review. 20 C.F.R. § 422.210(a).

On April 22, 2013, Plaintiff filed her Complaint seeking judicial review and reversal of Defendant's final decision. [D.E. 1]. Defendant filed an Answer to the

---

[2] This abbreviation refers to the transcript of the entire record of the administrative proceedings in this case filed by Defendant on July 3, 2013. [D.E. 12].

[3] Plaintiff has a date last insured of March 31, 2010. [D.E. 24 at p.2]. Accordingly, Plaintiff only seeks DIB for the period of September 13, 2003 through March 30, 2010.

Complaint [D.E. 11]; Plaintiff moved for summary judgment [D.E. 24]; Defendant responded and moved for summary judgment [D.E. 25, 26]; and Plaintiff filed a response to Defendant's motion for summary judgment and a reply in support of her motion for summary judgment [D.E. 27, 28]. The cross-motions for summary judgment are fully briefed and ripe for adjudication.

### III.   STANDARD OF REVIEW

Judicial review of the ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record as a whole to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In testing for substantial evidence, the court does not "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Instead, so long as the facts are supported by substantial evidence, the ALJ's findings are conclusive and we must defer to the ALJ's decision even if the evidence may preponderate against it. 42 U.S.C. § 405(g); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). However, no presumption of validity attaches to the social security commissioner's conclusions of law. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

To determine whether a claimant is disabled, an ALJ considers a five-step sequential evaluation process; a finding of disability or no disability at any step renders further evaluation unnecessary. 20 C.F.R. § 404.1520(a)-(f). The claimant bears the burden of proving that she is disabled. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity. 20 C.F.R § 404.1520(a)(4)(I). At the second step, the claimant must show that she has a severe impairment. *See id.* § 404.1520(a)(4)(ii). The regulations define a severe impairment as an "impairment or combination of impairments which significantly limit[ ] [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Third, the claimant has the opportunity to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments in Appendix 1 of 20 C.F.R. § 404.1520(d), subpart P. *See id.* § 404.1520(a)(4)(iii). At the fourth step, if the claimant cannot meet or equal the criteria in one of the Listings, the ALJ considers the claimant's RFC and the claimant's past relevant work to determine if she has an impairment that prevents him from performing his past relevant work. *See id.* § 404.1520(a)(4)(iv); *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (while the ALJ must consider the Listings in making its disability determination, "it is not required that the [ALJ] mechanically recite the evidence leading to her determination"). Finally, once a claimant establishes that she cannot perform his past relevant work due to some severe impairment, the

burden shifts to Defendant to show that significant numbers of jobs exist in the national economy which the claimant can perform. *See id.* § 404.1520(a)(4)(v).

## IV. ANALYSIS

Plaintiff asserts three arguments as to why the ALJ erred in denying her claim for DIB. Specifically, Plaintiff argues that the ALJ erred by improperly considering: (1) the opinion and medical evidence in the record; (2) Plaintiff's credibility; and (3) the vocational expert's testimony. [D.E. 24 at pp.8-21].

### A. *Whether the ALJ Appropriately Assessed the Opinion and Medical Evidence in the Record*

Plaintiff argues that the ALJ erred when she accepted, rejected, and ignored certain medical opinions. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Indeed, the SSA describes the proper methodology for evaluating opinion evidence in disability claims:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of

individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).[4] Good cause to discount a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). With good cause, an ALJ may disregard a treating physician's opinion, but she "must clearly articulate [the] reasons" for doing so. *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41). "[T]he ALJ 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.'" *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 590-91 (11th Cir. 2006) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)); *see Short v. Comm'r, Soc. Sec. Admin*, No. 14-11492, slip op. at 4 (11th Cir. Sept. 3, 2014).

The ALJ dedicated nearly five pages of her decision to the evaluation of the opinions of Plaintiff's various medical consultants. Specifically, the ALJ considered the opinions of Dr. Charles Yanes (Plaintiff's primary care physician), Dr. Erick A. Daes (Plaintiff's chiropractor), Dr. Emilio Suarez (Plaintiff's pain care physician), Drs. L.A. Woodard and Edith O. David (state agency medical consultants), Dr. Lee Reback (state agency psychological consultant), and Dr. Pepi Granat (an impartial medical expert).

---

[4] A "treating source" (*i.e.*, a treating physician) is a claimant's "own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502(c)(2).

[*See* Tr. 97-102]. While the ALJ did not specifically mention the opinion of Dr. Hector Meruelo (who completed a consultative examination), the ALJ referred to exhibits in the record that Dr. Meruelo prepared. Plaintiff takes issue only with the ALJ's treatment of the opinions of Dr. Suarez, Dr. Daes, Dr. Meruelo, and Dr. Granat, which we discuss below.

Dr. Suarez was Plaintiff's pain care physician from March 2005 through May 2007. During this period Dr. Suarez treated Plaintiff with injections of the sacroiliac joints and coccyx and also prescribed her Lyrica, which Plaintiff did not take consistently. [Tr. 421-442]. On February 21, 2007, Dr. Suarez stated that Plaintiff's "constellation of medical problems has resulted in [Plaintiff] being unable to be gainfully employed" and concluded that "that Ms. Lorenzo should be considered disabled." [Tr. 425]. The last note in the record from Dr. Suarez is dated May 2, 2007 and was written after a follow-up visit with Plaintiff:

> She continues to complain of symptoms in the coccygeal region. She did have minimal relief of her radicular symptoms. She did not take her Lyrica as prescribed because she felt the injection would provide significant relief. . . . Today, I have recommended to the patient that we once again consider a trial of oral medication with Lyrica 75 mg one tablet two times per day. . . . At this moment, I feel the patient will not benefit from another sacroiliac joint injection. She will follow up in one month and at that time we will evaluate her progress with the medications.

[Tr. 421].

The ALJ found Dr. Suarez's statement that Plaintiff is unable to be gainfully employed to be a vocational issue. [Tr. 102]. In turn, the ALJ determined that Dr. Suarez's opinion–that Plaintiff should be considered disabled because she cannot sit for one hour at a time, stand for greater than 15 to 20 degrees, or use her hands for fine

motor skills–is not supported by the objective evidence and should be given no weight. It is clear that such a finding on the ultimate issue of disability is reserved for Defendant. 20 C.F.R. § 404.1527(d).

The ALJ had good cause not to give controlling (or any) weight to Dr. Suarez's opinion. Indeed, the medical evidence supported a contrary finding; after careful consideration of the entire record, the ALJ determined that Plaintiff could sit for one to two hours at one time and for a total of four hours in an eight-hour workday and she had no limitation with regard to fine manipulation with the left hand and was limited to occasional fine manipulation with the right hand. The ALJ's decision to give no weight to Dr. Suarez's opinion was supported by good cause and should be affirmed.

Dr. Daes was Plaintiff's chiropractor from February 2007 through July 2008. Dr. Daes opined that Plaintiff could not perform sedentary or light work since the Fall of 2002. [Tr. 788]. The ALJ's review of Dr. Daes's records reveal that his treatment notes consist of only six pages and are extremely limited in content. [Tr. 101]. Dr. Daes simply states that his opinion is based on the "entire medical history–review medical records," fails to mention any chiropractic limitations, and includes recommended environmental limitations beyond his expertise. [*Id.*]. The ALJ found that Dr. Daes gives general statements and refers to the record, but does not have objective evidence to support them.

"Chiropractors are not considered an acceptable medical source but are considered 'other sources' that can demonstrate the severity of an impairment and how it effects a person's ability to work." *Davis v. Comm'r of Soc. Sec.*, No. 2:10-cv-673-FtM-

DNF, 2011 WL 5826553, at *14 (M.D. Fla. Nov. 18, 2011) (citing 20 C.F.R. § 404.1513(d)(1)). As an "other source", an ALJ may consider the opinion along with the other available evidence. 20 C.F.R. § 404.1513(d)(1). Here, the ALJ gave Dr. Daes's opinion no weight because, as discussed at length in her decision, Dr. Daes's opinion is based on matters outside of his area of expertise as a chiropractor, is based heavily upon self-reports of Plaintiff, and is otherwise not supported by the record. The ALJ's decision to give no weight to Dr. Suarez's opinion is supported by substantial evidence and should be affirmed.

Dr. Granat is an impartial medical expert who testified at Plaintiff's hearings before the ALJ. Dr. Granat summarized Plaintiff's impairments and the medical evidence of record. After considering Dr. Granat's testimony, the ALJ accepted some, but not all, of Dr. Granat's assessed limitations regarding Plaintiff. Dr. Granat reviewed the four physical assessments of record and recognized that they were split on two extremes–Drs. Suarez and Daes (discussed above) found Plaintiff capable of performing less than sedentary work, while Drs. Woodard and Davis (state agency medical consultants whom Plaintiff does address or attack in her motion) found Plaintiff capable of performing a full range of medium work. Dr. Granat also compared these opinions to Plaintiff's testimony of her activities of daily living and the results of Plaintiff's other physical examinations performed during the relevant time period (including findings of, among other things, only mild tenderness, full motor strength, full range of motion, normal gait, stable vital signs, normal coordination, etc.). Based on this review, Dr. Granat opined that Plaintiff could perform a limited range of work at the light exertional level. [Tr. 29-40]. The ALJ's decision and the hearing

transcripts demonstrate that the ALJ properly considered the opinion of Dr. Granat and reasonably afforded his opinion significant weight. In summary the ALJ found that Dr. Granat's testimony was well-reasoned, consistent with, and well-supported by the evidence of record. [Tr. 100]. This decision is supported by substantial evidence and should be affirmed.

Dr. Meruelo completed a consultative examination of Plaintiff on August 28, 2008. [Tr. 623-628]. Plaintiff argues that the ALJ's decision is deficient because the ALJ did not state the weight she afforded to Dr. Meruelo's opinions. It is not surprising that the ALJ did not directly discuss the weight afforded to Dr. Meruelo's opinions because his findings clearly do not support Plaintiff's alleged disability. Dr. Meruelo noted, among other things, that Plaintiff had a normal gait, ability to walk without difficulty, and had near full upper body strength. [Tr. 625-627]. Moreover, in determining Plaintiff's RFC, it is apparent from the ALJ's decision that she relied on Dr. Meruelo's treatment notes. [Tr. 623-628]. In so doing, the ALJ determined that Plaintiff's breast cancer is stable after having undergone a lumpectomy, preoperative chemotherapy, and postoperative radiation. [Tr. 627]. The ALJ further refers to Dr. Meruelo's notes in finding that although Plaintiff complains of low back pain, her hypertension is well-controlled. [*Id.*]. All of these findings support the ALJ's determination that Plaintiff was not disabled during the relevant time period and are consistent with, and accounted for in, the ALJ's RFC determination.

Thus, although the ALJ did not specifically mention Dr. Meruelo's opinion in her decision, it is clear from the substance of her decision that the ALJ relied at least in

part on Dr. Meruelo's opinion found in the treatment notes. While it may not be good practice to not specifically mention the weight given to a consultative examiner's opinion, failing to do so under these circumstances is not tantamount to reversible error. *Cf. Short*, No. 14-11492, slip op. at 4 ("If the ALJ disregards or accords less weight to the opinion of a *treating physician*, the ALJ must clearly articulate the reasons for according that opinion less weight, and the failure to do so is reversible.") (emphasis added).

Plaintiff also takes issue with the ALJ's failure to mention Dr. Meruelo's opinion regarding her ability to function from a mental perspective, including the impact of her ongoing, self-treated depression. Regarding Plaintiff's alleged mental impairment, the ALJ noted that the record evidence does not support more than a mild restriction in activities of daily living and that Plaintiff has no more than mild difficulties in concentration or persistence. Although Plaintiff has been prescribed various antidepressants, mental examinations in the record demonstrate that she is a functioning individual who is able to follow rules, relate to coworkers, deal with the public and supervisors, and function independently. [Tr. 94-100]. These findings are supported by substantial evidence and should be affirmed.

### B. *Whether the ALJ Appropriately Considered Plaintiff's Credibility*

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints of pain or other symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity

of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Once the ALJ determines that the record demonstrates a medically determinable impairment that could reasonably cause a claimant's alleged symptoms or pain, she is then required to "'evaluate the intensity and persistence of [the] symptoms so that [he] can determine how [the] symptoms limit [the claimant's] capacity for work.'" *Adamo v. Comm'r of Soc. Sec.*, 365 F. App'x 209, 214 (11th Cir. 2010) (quoting 20 C.F.R. § 404.1529(c)(1)). "In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers 'all available evidence,' including objective medical evidence, such as medical signs and laboratory findings, statements of the claimant and others about the claimant's symptoms, the medical opinions of treating physicians and nontreating physicians, and evidence of how the pain affects the claimant's daily activities and ability to work." *May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958 (11th Cir. 2007). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

    The ALJ considered Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms in light of her RFC assessment. After careful consideration of the evidence, the ALJ found that Plaintiff's medically determinable impairments could have reasonably been expected to cause some of the alleged symptoms; however, the ALJ found that Plaintiff was only a partially credible witness and did not find that the severity of her medical issues rose to the level complained of.

We find that the ALJ did not discredit Plaintiff's testimony solely because it was inconsistent with objective medical evidence. In other words, there is substantial evidence in the record supporting the ALJ's decision to determine that Plaintiff's subjective complaints were not entitled to full credence. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (noting that credibility determinations are within the province of the ALJ). The ALJ's consideration of Plaintiff's credibility was appropriate and should be affirmed.

### C. *Whether the ALJ Appropriately Considered the Vocational Expert's Testimony*

Plaintiff finally argues that the ALJ improperly considered the VE's testimony. Specifically, Plaintiff contends that the ALJ excluded limitations on Plaintiff's respiratory problems, her stress and urge continence, and medication side effects, among other things. Plaintiff further argues that the ALJ excluded from the hypothetical question posed the possibility that Plaintiff might miss more than three days a month from work. Because the question to the VE was incomplete, Plaintiff asserts, the VE's answer did not constitute substantial evidence to support the ALJ's determination.

As discussed above, at step five of the sequential evaluation process, the ALJ must determine whether Plaintiff is able to perform other work that exists in the national economy. If Plaintiff has shown she cannot perform past relevant work, the burden shifts to Defendant to determine whether there is other work available in significant numbers in the national economy that Plaintiff is able to perform.

If the ALJ finds that Plaintiff is able to perform other work, she "must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ may determine whether Plaintiff is able to perform other jobs is by posing a hypothetical question to a VE. *Id.* "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (quoting *Wilson*, 284 F.3d at 1227). "The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant." *Ingram*, 496 F.3d at 1270 (quoting *Wilson*, 284 F.3d at 1227); *see Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 137 (11th Cir. 2009) ("[T]he ALJ is not required to include findings in the hypothetical that the ALJ properly rejects. Moreover, if additional impairments asserted by a claimant are not supported by substantial evidence, they do not need to be included in a hypothetical.") (internal citation omitted).

Having found Plaintiff only partially credible and determining that the record does not support Plaintiff's contention that she had further limitations than those comprehensively set out for the VE, the ALJ was under no obligation to include such additional limitations in her hypothetical question. We therefore find that the hypothetical question was not incomplete and, to the contrary, find that the hypothetical question reflected all limitations that were credibly established in the

record. For these reasons, the ALJ properly relied on the VE's testimony in determining that Plaintiff was not disabled. Thus, this decision should be affirmed.

## V. CONCLUSION AND RECOMMENDATION

Plaintiff had a fair hearing and full administrative consideration in accordance with the applicable statutes and regulations. Substantial evidence supports the ALJ's findings in her August 23, 2011 decision. For the foregoing reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that Plaintiff's Motion for Summary Judgment [D.E. 24] be **DENIED**, Defendant's Motion for Summary Judgment [D.E. 25] be **GRANTED**, and the ALJ's decision be **AFFIRMED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of September, 2014.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge